IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES WILLIAM SPOONE, )<br>       #309287, )<br>                              )<br>       Petitioner, )<br>                              )<br>v.                         )<br>                              )<br>WARDEN LEROY CARTLEDGE, )<br>                              )<br>       Respondent. )<br>_____) | CIVIL ACTION NO. 9:10-2173-CMC-BM<br><br><br>**REPORT AND RECOMMENDATION** |

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on August 12, 2010.[1]

       The Respondent filed a motion to dismiss or for summary judgment on November 8, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 9, 2010, advising Petitioner of the importance of a dispositive motion and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

       Petitioner filed a memorandum in opposition on December 15, 2010. This matter is now before the Court for disposition.[2]

---

      [1]Date Petition was delivered to prison mailroom. See Houston v. Lack, 487 U.S. 266, 270-276 (1988).

      [2]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



## Procedural History

Petitioner was indicted in the October 2004 term of the Greenville County Court of General Sessions for burglary first degree [Indictment No. 04-GS-23-7181], murder [Indictment No. 04-GS-23-7182], and possession of a weapon during the commission of or the attempt to commit a violent crime [Indictment No. 04-GS-23-7182]. (R.pp. 70-71, 73-74). The State filed a Notice to Seek the Death Penalty on Petitioner's Murder charge. (R.p. 5). Petitioner was represented by John I. Maudin, Esquire, and Susannah Conyers Ross, Esquire, and on May 16, 2005, signed a written agreement confirming the terms of a guilty plea. (R.pp. 64-66). On May 24, 2005, and pursuant to the written agreement, Petitioner pled guilty to these charges. (R.pp. 1-25). Petitioner was sentenced to life imprisonment without parole for murder, a consecutive sentence of life for first degree burglary, and was not sentenced on the possession of a weapon during the commission of a violent crime conviction. (R.pp. 8, 25-26).

Petitioner did not appeal his convictions and/or sentences. However, Petitioner filed a <u>pro se</u> Application for Post Conviction Relief ("APCR") in state circuit court on February 10, 2006. <u>Spoone v. State of South Carolina</u>, No. 2006-CP-23-1037. (R.pp. 28-35). Petitioner raised the following issue in his APCR:

**Ineffective Assistance of Trial Counsel.**

Counsel failed to do a proper investigation of the facts and law of this case. (R.p. 30). <u>See also</u> (R.pp. 41-48).

---

²(...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. As the Respondent has filed a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

Petitioner was represented in his APCR by Maurice McNab, Esquire, and a hearing was held on June 21, 2006. (R.pp. 54-63). The State moved to dismiss the petition based upon the terms of the written plea agreement, and the PCR Judge granted the State's motion and thereafter denied the petition in its entirety in a written order on July 5, 2006. (R.pp. 67-68).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense. Pachak filed a motion to be relieved and a Johnson[3] brief raising the following issue:

> Whether a written plea agreement where a defendant waives his right to appeal and to post-conviction relief and habeas is valid and enforceable in South Carolina?

See Petition, p. 2.

On August 16, 2007, the South Carolina Supreme Court denied Petitioner's counsel's request to be relieved and directed the parties to address the following question:

> Did the post-conviction relief (PCR) judge err in dismissing petitioner's PCR application where petitioner pled guilty pursuant to a plea agreement in which he waived all rights to appeal, PCR, and habeas relief?

See Order, Spoone v. South Carolina (d. August 16, 2007).

Petitioner's counsel filed a brief dated September 17, 2007, addressing this issue; see Petition for Certiorari, p. 2; and on February 6, 2008, the South Carolina Supreme Court granted the petition for certiorari and directed the parties to file the appendix and briefs as provided by Rule 227(j), SCACR. See Order, Spoone v. South Carolina (d. February 6, 2008). Petitioner's counsel then filed a brief addressing the following issue:

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



> Did the post-conviction relief (PCR) judge err in dismissing petitioner's PCR application where petitioner pled guilty pursuant to a plea agreement in which he waived all rights to appeal, PCR, and habeas relief?

See Petition, p. 3.

On August 11, 2008, the South Carolina Supreme Court affirmed the PCR court's decision dismissing the petition. See Spoone v. State, 665 S.E.2d 605 (S.C. 2008). Petitioner filed a petition for a rehearing, which was denied, and the Remittitur was sent down on September 4, 2008. See Remittitur (d. September 4, 2008).

Petitioner then filed this federal habeas corpus petition, raising the following issue:

**Ground One**: Ineffective Assistance of Counsel

**Supporting Facts**: Counsel failed to a do a proper investigation of the facts and law of the case. [Central to this §2254 action is that the S.C. Supreme Court erroneously affirmed the summary dismissal of PCR action (noted in 11, supra) stating Petitioner waived his rights to direct appeal, PCR, and habeas corpus relief by an agreement, when the text of the guilty plea colloquy doesn't address Petitioner's understanding of 'waiving' claims of 'newly-discovered evidence' (comprising Prosecutor misconduct, Brady Violations, and exonerating DNA evidence) under §17-27-45(c), S.C. Code].

See Petition, p. 6.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S.

4



519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner's state court plea agreement included a waiver of Petitioner's rights to a direct appeal, post-conviction relief, and habeas relief. (R.p. 64). A defendant can voluntarily waive his right to appeal his conviction and sentence. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990); see United States v. Blick, 408 F.3d 162, 168-169 (4th Cir. 2005). Further, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); DeRoo v. United States, 223 F.3d 919, 923-924 (8th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001).

In his Petition, Petitioner does not challenge the finding that a defendant may waive his rights to direct appeal, post-conviction relief, and habeas relief. Rather, he contends that his guilty plea agreement did not specifically bar claims "brought under newly discovered evidence". See Memorandum in Opposition to Summary Judgment, pp. 4-6. Therefore, he argues that he should be allowed to proceed on his claim because of newly discovered evidence.

## II.

Initially, the Court notes that this petition appears to be untimely under 28 U.S.C. § 2244(d)(1). However, Petitioner addressed the time issue in his pleadings and argued for equitable

5



tolling to allow his Petition to proceed. See Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010)[Finding that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases].

The Respondent did not address the timeliness of the Petition or present any arguments concerning whether equitable tolling is appropriate. Therefore, since the Respondent has interposed no opposition to this Court's consideration of the Petition, the undersigned has proceeded to discuss the issues raised on the merits.[4]

### III.

At the time of his guilty plea, Petitioner was forty-six years old, had a ninth grade education, and a prior record. (R.p. 6). Petitioner's counsel, Mr. Mauldin, testified that he explained Petitioner's constitutional rights to him, and Petitioner testified that he had gone over the plea agreement with his counsel before signing the agreement. (R.pp. 4,9). The signed plea agreement specifically provides that Petitioner "agrees to waive any and all appeals, PCR applications, federal habeas petitions and any and all other methods of review of this guilty plea and sentence," and that Petitioner fully understood the terms and provisions of the agreement. (R.pp. 64, 66). Petitioner also testified at his plea hearing that he voluntarily agreed to "waive all appeals, PCR applications, federal habeas corpus petitions and any other methods of review of [his] guilty plea and sentence . . . ." (R.p. 9). Petitioner then testified that no one had promised him anything, other than what was contained in the plea agreement itself, or held out any hope of reward to get him to plead guilty, that no one had threatened him or used force to get him to plead guilty, and that no one pressured or intimidated him

---

[4]The undersigned expressly makes no finding as to whether the Petition is subject to the statutory time bar or, if it is, whether the Petitioner is entitled to equitable tolling.



to get him to plead guilty. (R.p. 12). Petitioner testified that he had had enough time to make up his mind as to whether or not he wanted to plead, that he was pleading guilty of his own free will and accord, that he had discussed all aspects of his case with his attorneys, and that he did not need any more time to talk to his attorneys. (R.pp. 12-13). Petitioner further testified that he felt his attorneys had done everything that they should in his case, that there was nothing that his attorneys did that he felt that they should not have done, that he was completely satisfied with his attorneys, and that he did not have any complaints that he wanted to make about his attorneys, the solicitors, or any of the police officers. (R.p. 13). Finally, after attesting to his willingness to give up various other constitutional rights by entering his guilty plea, Petitioner again testified that he understood that he was giving up *all* of his rights as to appeal and to have his case further considered. (R.p. 16).

In his PCR petition, Petitioner alleged that his counsel failed to do a proper investigation of the facts and law of the case. (R.p. 30). Specifically, Petitioner asserts that his counsel never objected to alleged hearsay testimony given by the solicitor during his plea sentence, that there were trial errors committed, that counsel failed to do a proper investigation by not filing a motion for a preliminary examination to determine whether there was enough evidence to bind the case over to the grand jury, and that he was denied his right to preliminary hearing. (R.pp. 45-48). After the PCR judge granted the State's motion to dismiss based upon Petitioner's waiver of his PCR rights, Petitioner's PCR appeal addressed only the issue of whether the PCR judge erred in dismissing Petitioner's PCR application where Petitioner pled guilty pursuant to a plea agreement in which he waived all rights to appeal, PCR, and habeas relief. The South Carolina Supreme Court held that, looking at the particular facts and circumstances of Petitioner's case, the PCR court correctly enforced the waiver and dismissed Petitioner's PCR application. See Spoone, 665 S.E.2d 607-608.



In his federal petition, Petitioner does not challenge the state court's finding that a defendant may waive his rights to direct appeal, post-conviction relief, and habeas relief, and that Petitioner knowingly and voluntarily did so. Rather, he contends that his guilty plea agreement does not bar him from pursuing claims "brought under newly discovered evidence", and that he should therefore be allowed to proceed on his ineffective assistance claim because of newly discovered evidence. See Memorandum in Opposition to Summary Judgment, pp. 4-6. However, this issue was not presented in Petitioner's state PCR application. In his PCR petition, Petitioner alleged ineffective assistance of counsel for failing to do a proper investigation of the facts and law of the case. The issue was also not raised in Petitioner's writ of certiorari to the South Carolina Supreme Court, which addressed whether the waiver provision in the plea agreement was enforceable.

Petitioner's appellate counsel did rhetorically question for the first time in his state Supreme Court petition for rehearing whether a defendant could knowingly and intelligently waive future claims concerning newly discovered evidence. See Petition for Rehearing, p. 2.[5] However, a petition for rehearing is not a proper filing in which to raise an issue that was not previously before the Court in the underlying writ of certiorari. See Rule 208(b)(1)(B) [ordinarily no point will be considered that is not set forth in the statement of issues on appeal]. Cf. Primus v. State, 564 S.E.2d 103, 107 (S.C. 2002)[An issue not raised in brief to the Court of Appeal is not properly preserved for the South Carolina's Supreme Court's consideration on writ of certiorari], overruled on other grounds, State v. Gentry, 610 S.E.2d 494 (S.C. 2005). Under the South Carolina Rules, a petition

---

[5]Significantly, Petitioner's counsel did not assert that there *was* any newly discovered evidence in Petitioner's case. Rather, he only made the argument that direct or collateral appeal waivers in general should not be upheld because of the possibility that defendants may have future claims based upon newly discovered evidence.



for rehearing *"shall* state with particularity the points supposed to have been *overlooked or misapprehended* by the court." Rule 221(a), SCACR [emphasis added]; Arnold v. Carolina Power and Light, 167 S.E. 234, 238 (S.C.1933). That was not the case with respect to this issue, which was not even set forth as a claim in Petitioner's appeal. Cf. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999)(quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995) (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)). Therefore, there is a strong argument that this issue is procedurally barred from consideration by this Court.

Further, even if Petitioner's argument that he did not waive his rights with regard to newly discovered evidence was properly before this Court, Petitioner's claim still fails in this case for the simple fact that Petitioner has provided no newly discovered evidence for the Court to consider. Since Petitioner has not stated what the alleged newly discovered evidence consists of, he has failed to state a cognizable claim. Cf. Bassette v. Thompson, 915 F.2d 932, 940-941 (4th Cir. 1990)[Finding that a Petitioner's allegation that his attorney did an ineffective investigation was not viable absent proffer of the supposed witness's favorable testimony]; Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991)[Petitioner cannot show deficiency "based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense"; rather, facts must be presented]; see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys, the Court is not required to 'accept as true legal conclusions or unwarranted factual inferences."] [non-habeas case]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993)[Plaintiff's conclusory allegations insufficient to maintain claim] [non-habeas case]. Accordingly, Petitioner's claim is without merit and should be dismissed.



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 11, 2011
Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11

