IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James W. Spoone, #309287, | ) | C/A NO. 9:10-2173-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On March 11, 2011, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Both Petitioner and Respondent have filed objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

1

U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation in full with the following additional discussion.

In his state court plea agreement, Petitioner agreed to "waive any and all appeals, PCR applications, federal habeas petitions and any and all other methods of review of this guilty plea and sentence." Attachments in Support of Respondent's Mot. for Summ. J. at 66 (Dkt. #8-1, filed Nov. 8, 2010). The South Carolina Supreme Court found that Petitioner's waiver of these rights was made voluntarily, knowingly, and intelligently. *Spoone v. State*, 665 S.E.2d 605 (S.C. 2008).

The South Carolina Supreme Court did not discuss – and Respondent does not acknowledge – that despite a knowing and voluntary waiver, "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the plea." *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 547 U.S. 1074 (2006). *See also United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Craig*, 985 F.2d 175, 178 (4th Cir.1993)) ("Even if the court engages in a complete plea colloquy, a waiver . . . may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel.") This is because "[a] decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.' " *DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir.2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

The petition contends that Petitioner's guilty plea was not knowing and voluntary because the plea colloquy does not "address Petitioner's understanding of 'waiving' claims of 'newly-discovered evidence (comprising Prosecutor Misconduct, Brady violations, and exonerating DNA evidence) . . . ." Pet. at 6, and not because of ineffectiveness of counsel. This claim was not properly exhausted in the state courts and is, therefore, procedurally defaulted. In addition, for the reasons correctly noted by the Magistrate Judge, the claim is without merit.[1]

Therefore, Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

---

[1] To the extent Petitioner contends that the issues asserted in his petition are separate, specific reasons why his plea would not be knowing and voluntary, only his assertion relating to a potential *Brady* violation merits any further elucidation.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that during trial the government is constitutionally obligated to disclose evidence favorable to the defense when the evidence is material to either the guilt or punishment of the defendant. *Id*. at 87. The Court has yet to address, however, whether the Due Process Clause requires such disclosures outside the context of a trial. *See United States v. Moussaoui*, 591 F.3d 263, 286 (4th Cir. 2010) (noting circuit split and declining to reach issue of whether *Brady* may be invoked to challenge the voluntariness of the plea where a defendant's (otherwise voluntary plea) was given without knowledge of . . . undisclosed exculpatory evidence"); *McCann v. Mangialardi*, 337 F.3d 782, 787-88 (7th Cir. 2003) (stating that "[t]he Supreme Court's decision in [*United States v.*] *Ruiz* [, 536 U.S. 622 (2002)] strongly suggests that a *Brady*-type disclosure might be required" in circumstances where the prosecution "ha[s] knowledge of a criminal defendant's factual innocence but fail[s] to disclose such information to a defendant before he enters into a guilty plea."). However, this issue was not properly raised in the state courts and Petitioner provides no actual evidence of a *Brady* violation.

3

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 28, 2011